UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SUSAN MERSEREAU SEARLES | : | CIVIL ACTION NOS. |
| Plaintiff, | : | 2:90 CV 626 (PCD) |
| | : | 3:97 CV 2601 (PCD) |
| | : | 3:00 CV 1115 (PCD) |
| | : | |
| V. | : | |
| | : | |
| WEST HARTFORD BOARD OF | : | |
| EDUCATION, PAUL BERKEL, | : | |
| NATALIE SCHULMAN, MATTHEW | : | |
| BORRELLI, PETER RELIC, LLOYD | : | |
| CALVERT, JAMES J. MOORE, | : | |
| EDWARD J. FREDERICKS, M.D., | : | |
| JAMES BLACK, M. PETER BLUM, | : | |
| NEIL MACY, AND WILLIAM DOLAN | : | |
| Defendants. | : | MAY 30, 2006 |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR RECONSIDERATION/INDEPENDENT ACTION**

The Defendant, West Hartford Board of Education (the "Board"), hereby objects to the Plaintiff's Motion for Reconsideration/Motion for Independent Action filed May 17, 2006. The Plaintiff is a former school teacher with the Board, whose employment was terminated in July 1989. Since that time, she has pursued a ceaseless campaign of litigation against the Board and other Defendants, with each of her myriad lawsuits, complaints and motions being rejected by courts or administrative agencies, including many times by this Court. The instant Motion should be denied because it is barred by the doctrines of collateral estoppel and res judicata, wholly lacks merit, would be futile and unfair, and constitutes yet another example of the Plaintiff's pattern of frivolous litigation extending back sixteen (16) years.

I.   **PROCEDURAL HISTORY**

The plaintiff filed an action in this Court on July 23, 1990, alleging that the actions of the

Board and several of its administrators regarding their treatment of her while she was employed as a teacher and in terminating her contract of employment constituted illegal discrimination under the Rehabilitation Act, 29 U. S. C. §794, and the Age Discrimination in Employment Act (ADEA) 29 U. S. C. §621, et seq. (Searles v. Peter Relic, Constance Beaudry, Lloyd Calvert, Paul Berkel, Jean P. Martin, James J. Moore, John Falvey, Town of West Hartford and West Hartford Board of Education, Docket No. 2:90CV626(PCD)) (hereinafter "Searles I"). The Plaintiff later withdrew her age discrimination claims. On November 1, 1991, this Court dismissed all but one of the Plaintiff's claims under the Rehabilitation Act for failure to comply with the statute of limitations. On June 30, 1992, the Court granted defendant's Motion for Summary Judgment as to the Plaintiff's remaining claim regarding the allegedly discriminatory termination of her employment contract. Judgment was entered in favor of the defendants on August 5, 1992.

Thereafter, on August 5, 1992, the Plaintiff filed an appeal with the Second Circuit of the U. S. Court of Appeals. On June 3, 1994, the Second Circuit Court of Appeals affirmed the judgment of the Court. Searles v. Relic, 29 F. 3d 620 (2nd Cir. 1994) (unreported decision). The Plaintiff also filed a Motion to Reopen with the Court on November 2, 1992, which was denied on September 13, 1993. On July 11, 1994, the Plaintiff's "Motion for Rehearing for Good Cause and Equitable Findings of Fact" dated June 15, 1994 was denied by the Second Circuit. Thereafter, the Plaintiff filed a petition for writ of certiorari with the U. S. Supreme Court, which was denied by the Court on January 23, 1995. Searles v. Relic, 5 13 U. S. 1128, 115 S.Ct. 939 (1995). On March 20, 1995, the U. S. Supreme Court denied the Plaintiff's petition for rehearing on the denial of the petition for writ of certiorari. Searles v. Relic, 514 U. S. 1033, 115 S.Ct. 1395 (1995).

The Plaintiff thereafter filed several motions attempting to vacate the Court's judgment. In particular, the Plaintiff filed a "Motion for Relief from Judgment or Order" dated October 10, 1995, which was denied by the Court. The Plaintiff subsequently filed an appeal of the Court's ruling on the Plaintiff's "Motion for Relief from Judgment or Order" with the Second Circuit. On May 10, 1996, the Second Circuit dismissed that appeal because it was determined to be "so indisputably lacking in merit as to be frivolous." Thereafter, the Plaintiff filed a "Motion for Independent Action for Fraud upon the Court" with the Court. On August 15, 1996, the Court denied this motion. After the Court denied the Plaintiff's motion to reconsider its denial of her "Motion for Independent Action for Fraud Upon the Court," the Plaintiff filed another appeal with the Second Circuit. The Court subsequently revoked the Plaintiff's in forma pauperis status because of the frivolous nature of her claims. On May 7, 1997, the Second Circuit also dismissed that appeal because it was determined to be so "indisputably lacking in merit as to be frivolous." The Second Circuit further warned the Plaintiff that "she may be subjected to monetary and other sanctions if she institutes any further court proceedings found to be frivolous which seek to relitigate any aspect of these already adjudicated matters." The Plaintiff's subsequent petition for rehearing was also denied by the Second Circuit.

The Plaintiff then filed a "new" action in this Court, again alleging an illegal termination of her employment in violation of Title VII of the Civil Rights Act, the Age Discrimination in Employment Act and the Rehabilitation Act. (Searles v. West Hartford Board of Education, Docket no. 3:97CV2601(PCD) (hereinafter "Searles II"). The Plaintiff had moved for leave to proceed in forma pauperis, but that petition was denied due to the utter lack of merit of the Plaintiff's new complaint. The Plaintiff's motion for appointment of counsel was denied by the Court. The Court ruled that the Plaintiff had failed to pass the "test of likely merit" necessary for

appointment of counsel under 28 U. S. C. §1915(e), in light of the fact that, inter alia, her new complaint was repetitious of the Plaintiff's previous actions. Thereafter, on or about July 24, 1998, the Court granted the defendant's motion to dismiss the Plaintiff's "new" case, ruling that this case was barred by both the statutes of limitations and the applications of the doctrine of res judicata and collateral estoppel. The Plaintiff subsequently filed yet another appeal with the Second Circuit. On May 7, 1999, the Second Circuit also dismissed that appeal because it was again determined to be so "indisputably lacking in merit as to be frivolous." The Second Circuit further warned the Plaintiff that any future frivolous appeals could result in sanctions, including monetary sanctions or an order prohibiting her form filing further appeals. The Plaintiff's subsequent petition for rehearing was denied by the Second Circuit. The U. S. Supreme Court denied the Plaintiff's motion for extension of time to file a petition for writ of certiorari.

Despite the courts' previous and repeated rulings on these claims, the Plaintiff brought her third employment discrimination action in this Court in or about February 2000, again alleging violations of Title VII, the Rehabilitation Act, the ADA, and the ADEA against Defendants Paul Berkel, Peter Relic, Lloyd Calvert, James J. Moore, Natalie Schulman, William Dolan, Edward J. Fredericks, M.D., and James Black, M.D. (Docket no. 3:00-mc-00086-TPS, hereinafter "Searles III"). There, the Plaintiff alleged that the defendants violated the aforementioned statutes in allegedly failing to promote her in 1987, terminating her employment in 1989, and allegedly failing to rehire her in June and August of 1999. Magistrate Judge Thomas Smith dismissed the case as the filing fee had not been paid by the Plaintiff.

On or about April 12, 2000, the Plaintiff filed a Charge of Discrimination with the Commission and the Equal Employment Opportunity Commission ("EEOC"), alleging wrongful termination in 1990 and failure to re-hire her in August and December 1999 and January 2000, in

4

violation of Title VII, the ADEA, the ADA, and the Connecticut Fair Employment Practices Act ("CFEPA"). On June 6, 2000, the Respondent submitted a response to the Plaintiff's charge, challenging the merits of her discrimination claims. On September 5, 2000, the CHRO dismissed the Plaintiff's complaint, finding that further investigation would not result in a reasonable cause finding that any discrimination occurred. The Plaintiff also filed a request for reconsideration, which was denied on September 10, 2001. A Request to Reopen this decision was filed by the Plaintiff some three (3) years later, on or about August 25, 2004. That request was denied by the CHRO on February 10, 2005.

On or about June 12, 2000, the Plaintiff filed yet another employment discrimination action, her fourth lawsuit over her termination, against the West Hartford Board of Education, Paul Berkel, Peter Relic, Lloyd Calvert, James J. Moore, Natalie Schulman, William Dolan, Edward J. Fredericks, M.D., James Black, M.D. and Matthew Borrelli. (Docket No. 3:00CV1115 (PCD), hereinafter "Searles IV") The Plaintiff, again, alleged violations of Title VII, the Rehabilitation Act, the ADA, and the ADEA. She claimed that the defendants violated the afore-mentioned statutes in allegedly failing to promote her in 1987, terminating her employment in 1989, allegedly failing to rehire her in June, August and December of 1999, and January and June of 2000. This case was dismissed by this Court on November 27, 2000. Searles v. West Hartford Board of Educ., et al, 2000 U.S. Dist. LEXIS 17731 (D.Conn. Nov. 27, 2000). In its opinion, the Court stated "should plaintiff initiate litigation against any of these defendants again regarding the facts and circumstances of this case, without prior judicial authorization, sanctions may be imposed."

The Plaintiff then again appealed to the Second Circuit Court of Appeals, which dismissed the appeal. The Court also denied her petition to proceed in forma pauperis, to

5

consolidate the appeal with previously decided appeals, and for assignment of counsel. The Court issued a stern warning to the Plaintiff that she "is advised that any further frivolous filings in this court may result in the imposition of monetary sanctions and/or an order that she obtain court permission before filing any document." The Second Circuit later denied the Plaintiff's petition for rehearing and petition for rehearing en banc. Finally, the United States Supreme Court denied the Plaintiff's application for an extension of time within which to file her petition for writ of certiorari. Justice Ginsburg denied the application on December 10, 2001.

In September, 2002, the Plaintiff moved to reopen Searles I, and this Court denied that motion the following month. On August 31, 2004, the Plaintiff moved to transfer to original venue and for relief from judgment in Searles I, II and IV. This Court denied these Motions by order dated September 16, 2004, Court holding that "there is no case pending" which to reopen, and that the motion to reopen was untimely, as "more than a year ha[d] passed since judgment entered in these cases." The Plaintiff appealed this decision on September 30, 2004. On August 10, 2005, the Second Circuit dismissed these appeals, issuing a Mandate stating the appeals "lack[ ] any arguable basis in fact or law." The Mandate also stated that "Appellant is reminded that, by order entered in *Searles v. Relic*, No. 04-0551, on April 7, 2005, Appellant is prohibited from filing any further motions, appeals, or other papers in this Court "with respect to the facts, claims, or issues underlying th[at] appeal or the prior appeals..." Thereafter, the Plaintiff petitioned the U.S. Supreme Court for Writ of Certiorari, which was denied on October 3, 2005. She then moved for a Rehearing on her Petition's denial, and that Motion was denied on November 28, 2005.

On January 23, 2006, the Plaintiff filed a Motion to Reopen and for Relief from Judgment, as well as a Motion to Appoint Counsel and for Leave to Proceed In Forma Pauperis.

This motion was denied by the Court on May 1, 2006. The Court stated in its opinion the following:

> Plaintiff is reminded of both this Court's and the Second Circuit's admonition regarding attempts to relitigate matters that have already been adjudicated and its warnings that future frivolous filings may result in monetary or other sanctions....To avoid confusion, the present motion is an attempt to relitigate matters already adjudicated . Plaintiff is advised to consider this warning before filing any further documents in support of relitigating issues that have already been adjudicated.

Despite the Court's unequivocal warning, the plaintiff filed the instant Motion for Reconsideration/Motion for Independent Action seeking relief under Fed. R. Civ. P. 60(b)(6). This Motion should be denied as it is frivolous, has no basis in law or fact, and is barred by the Court's earlier orders and by the doctrines of res judicata and collateral estoppel.

## II.    LEGAL STANDARD AND ARGUMENT

### A.    Standard

#### 1.    Independent Action

The court exercises discretion in determining whether to entertain independent actions for relief and looks to traditional equitable principles to guide its decision. See Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 71 (2d Cir.1990); see also Robinson v. Volkswagenwerk AG, 56 F.3d 1268, 1274 (10th Cir.1995), cert. denied, 516 U.S. 1045, 116 S.Ct. 705, 133 L.Ed.2d 661 (1996); Winfield Assoc., Inc. v. W.L. Stonecipher, 429 F.2d 1087, 1090 (10th Cir.1970) (stating that "[t]he granting of relief in this unusual type of proceeding lies largely within the discretion of the trial judge"). However, a court's discretion to entertain an independent action should be exercised only to avoid a "grave miscarriage of justice" or "manifest injustice." See, e.g., United States v. Beggerly, 524 U.S. 38, 47, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998) ("an independent action should be available only to prevent a grave miscarriage of justice); Hazel-Atlas Glass Co.

v. Hartford-Empire Co., 322 U.S. 238, 244-45, 64 S.Ct. 997, 88 L.Ed. 1250 (1944) ("[o]ut of deference to the deep rooted policy in favor of the repose of judgments entered during past terms, courts of equity have been cautious in exercising their power over such judgments[;][b]ut where the occasion has demanded, where enforcement of the judgment is 'manifestly unconscionable,' they have wielded the power without hesitation") (internal quotation omitted).

### 2. Motion for Reconsideration

"The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790). The standard for granting a motion for reconsideration is strict. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.1995) (internal citations omitted). "A motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." SPGGC, Inc. v. Blumenthal, 408 F.Supp.2d 87, 91 (D.Conn.2006) (internal citation and quotation marks omitted). "It is also not appropriate to use a motion to reconsider solely to re-litigate an issue already decided." Id. "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader, 70 F.3d at 257.

### B. The Court Has Denied This Same Motion In The Past And Prohibited Her From Attempting To Relitigate The Issues In Her Cases.

The Plaintiff's ceaseless pattern of frivolous litigation against the Defendants is detailed above. The instant Motion to Reopen is simply another attempt to litigate ancient claims with no

8

basis in the law. In fact, this Court has already addressed the issues raised by the Plaintiff's Motion and found them to be legally insufficient to reopen the case. For those same reasons, and for the additional reasons that the Motion is barred by the doctrines of res judicata and collateral estoppel, it should be denied. Additionally, the Motion should be denied because this Court has, on multiple occasions, barred the Plaintiff from making any further attempts to relitigate the issues in her cases.

This Court denied the Plaintiff's August 9, 1996 Motion for Independent Action for Fraud Upon the Court in Searles I in an order dated August 19, 1996. The Court also denied the Plaintiff's November 7, 1996 Motion for Reconsideration of that decision in an order dated November 18, 1996. The Plaintiff has also made attempts to reopen Searles I on November 2, 1992, May 22, 1995, October 12, 1995, September 3, 2002 and, most recently, January 23, 2006. Each of these attempts were denied. In addition to the above, the Plaintiff also attempted to reopen Searles II on January 13, 2000. Because the issues in the instant motion have been fully and fairly litigated, the Plaintiff is barred from re-litigation of all these issues pursuant to the doctrines of res judicata and collateral estoppel.

"Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of re-litigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326, 99 S.Ct. 645 (1979) (footnote omitted.) To prove that a claim is precluded under the doctrine of res judicata, "a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Monahan v. New York City Dep't of Corr., 214 F.3d 275, 284-

9

85 (2d Cir.2000). Res judicata precludes litigation of all claims that could have been raised in the earlier proceeding, whether or not they were actually raised and litigated. See Greenberg v. Board of Governors of Federal Reserve Sys., 968 F.2d 164, 168 (2d Cir.1992); Harborside Refrigerated Services, Inc. v. Vogel, 959 F.2d 368, 372 (2d Cir.1992). "Under collateral estoppel, once a court has decided an issue of fact or law necessary to judgment, that decision may preclude re-litigation of the issue in a suit on a different cause of action involving a party to the first case." Allen v. McCurry, 449 U.S. 90, 94, 101 S. Ct. 411 (1980) (citations omitted).

Here, the Plaintiff readily admits that "rule 60(b)(6) has been argued to this court numerous times but has been preemptorily ignored." (Plaintiff's Memo, p. 1.) As set forth above, this Court has rejected various attempts by the Plaintiff to reopen her case, including her August 9, 1996 Motion for Independent Action, involving the same issues as the instant Motion. Accordingly, the Plaintiff's instant Motion is barred by the doctrines of res judicata and collateral estoppel. Moreover, the grounds that the Court based its August 19, 1996 decision on apply with even greater force given the passage of time, and those same grounds should serve as grounds for denying the instant Motion.

### C.    The Plaintiff Falls Far Short Of Making The Showing Necessary To Maintain An Independent Action And There Is No Change Of Controlling Law, New Evidence, Clear Error Or Manifest Injustice Justifying Reconsideration.

Fed.R.Civ.P. 60(b) allows, in some cases, independent actions for relief from a judgment based on fraud on a party. However, as the Second Circuit has affirmed, "the type of fraud necessary to sustain an independent action attacking the finality of a judgment is narrower in scope than that which is sufficient to relief by timely motion [under Rule 60(b)(3)]." Gleason v. Jandrucko, 860 F.2d 556, 558 (2d Cir.1988) (citations omitted). The narrower type, the court

explained, is that which "subvert[s] the integrity of the court itself, or is...perpetrated by officers of the court." Id. at 560 (quoting 7 J. Moore, Federal Practice, ¶ 60.33 at 360). Such fraud generally does not include witness perjury or fabricated evidence that does not involve officers of the court and that could and should have been discovered during litigation and exposed at trial. Id. To maintain an independent action for equitable relief from judgment, plaintiff must (1) show that she has no other available or adequate remedy; (2) demonstrate that plaintiff's own fault, neglect, or carelessness did not create the situation for which she seeks equitable relief; and (3) establish a recognized ground-such as fraud, accident, or mistake-for the equitable relief. Campaniello Imports, Ltd. v. Saporiti Italia S.p.A., 117 F.3d 655, 662 (2d Cir.1997).

Here, the plaintiff has presented absolutely no evidence of fraud sufficient to justify an independent action. Moreover, she has suggested no "intervening change of controlling law...availability of new evidence, or...need to correct a clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992). Instead, she rehashes her claims going back almost twenty years which have been presented to the Court on numerous past occasions. Plaintiff does not assert any basis for a claim that her attorney acted improperly with regard to her case, alleging only that he misused funds of other clients and that she is unsure whether the attorney colluded with the defendants in Searles I. (Plaintiff's Memo, p. 8.) Clearly, this is insufficient to withstand the heavy burden imposed by the above-cited cases for an independent action for fraud or for reconsideration.

## III.   CONCLUSION

For the foregoing reasons, the Court should deny the plaintiff's Motion for Reconsideration/Motion for Independent action.

THE DEFENDANT:
WEST HARTFORD BOARD OF
EDUCATION

By _____
James M. Scorzo
Federal Bar #ct04571 and
Jonathan C. Sterling
Federal Bar #ct24576
JORDEN BURT, LLP
175 Powder Forest Drive
Suite 201
Simsbury, CT  06089-9658
(860) 392-5042

## **CERTIFICATION**

This is to certify that on this 30th day of May, 2006, I hereby mailed a copy of the foregoing to:

Suzanne M. Searles
45 Whispering Pines
Avon, CT 06001
PRO SE

Garie J. Mulcahey
Bai, Pollock, Blueweiss & Mulcahey
One Corporate Dr.
Shelton, CT 06484

Mark J. Sommaruga
Michael Peter McKeon
Thomas N. Sullivan
Sullivan, Schoen, Campane & Connon
646 Prospect Ave.
Hartford, CT 06105

James M. Tanski
O'Brien, Tanski, Tanzer & Young
Cityplace II
Hartford, CT 06103-3402

Robert E. Young
Noble, Spector, Young & O'Connor
1 Congress St.
Hartford, CT 06114-1067

Nicole D. Dorman
Karsten & Dorman, LLC
29 So. Main St.
West Hartford, CT 06107

F. Timothy McNamara
102 Oak St.
Hartford, CT 06106

M. Peter Blum
1 Linden Place
Apt #307
Hartford, CT 06106
PRO SE

Martin A. Gould
Mark W. Baronas
Gould, Killian & Wynne
280 Trumbull St., 25th Fl.
Hartford, CT 06103

_____
Jonathan C. Sterling